UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
SIXTH AMENDED **CHAPTER 13 PLAN (Individual Adjustment of Debts)**

DEBTOR: **ANN M. FERNANDEZ**   CASE NO. **14-12544-BKC-LMI**
Last four digits of SS No. 1041

**MONTHLY PLAN PAYMENT**: Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor(s) to pay to the Trustee for the period of **36** months. In the event the Trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan.

A. **$1,769.54** for months **1** to **36**, beginning **March 1, 2014**; in order to pay the following creditors:

**Administrative**: Attorney's Fees: $5,000.00; Paid Fees: $2,500.00; Balance Due: $2,500.00; payable $69.45/mo. (Mos. 1 to 36)

**LMM FEES:** $2,500.00, Paid Fees: $1,500.00, Balance Due: $1,000.00, Payable; $27.78/mo. (Mos. 1 to 36)

**Secured Creditors**:  [Retain Liens pursuant to 11 U.S.C. § 1325(a)(5)]
**Mortgage(s)/Liens on Real or Personal Property**

**1. SUNTRUST MORTGAGE (1st Mtg Homestead Prop. - 600 SW 89 Ave., Miami, FL 33174)**
1001 Semmes Ave        LMM Payment; $1,479.25/mo. (Mos. 1 to 36)
Richmond VA 23224      **Direct pay begins: February 2017**
Acct #9003
*Payment includes Property Insurance (Payment of $300.00)
Real Estate Taxes (Payment of $358.00)
Principal Interest Payment is $821.25
Total LMM Payment is $1,479.25

"The Debtor has filed a Verified Motion for Referral to LMM with Suntrust Mortgage("Lender"), loan number 9420288019003, for real property located at 600 SW 89 Ave., Miami, FL 33174. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to

LF-31 (rev. 01/08/10)

**modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.**

**In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.**

**If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.**

**Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address the payment of its Proof of Claim."**

The LMM program must include payments on the association. In this particular case the Association Timberlake Management Group is current and has been paid current prior to and Post Petition. The monthly payment is $92.10

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3**

<u>NONE</u>

<u>**Priority Creditors**</u>: [As defined in 11 U.S.C. Section 507]

NONE

<u>**Unsecured Creditors**</u>: Payable: $10.56/mo. (Mos. 1 to 36). Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

LF-31 (rev. 01/08/10)

**SPECIAL PROVISION**: The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f)1-4 on an annual basis during the pendency of this case.  The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 each year the case is pending, unless under extension, and that the debtor(s) shall provide the Trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.

**OTHER PROVISION** - If the debtor receives gambling winnings during the pendency of the plan the debtor shall turn over any gross winnings to the Chapter 13 Trustee for the benefit of the unsecured creditors.

Dated: November 13, 2014

**CERTIFICATE OF MAILING**

    I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by e-mail to Nancy Neidich at e2c8f01@ch13herkert.com and those set forth in the NEF and regular mail to all creditors this 13th day of November, 2014.

                Law Offices of Michael J. Brooks,
                Michael A. Frank,
                & Rodolfo De La Guardia
                Attorney for Debtor(s)
                10 N.W. LeJeune Road, Suite 620
                Miami, FL  33126-5431
                (305) **443-4217**
                Pleadings@bkclawmiami.com


                By /s/_____
                Michael J. Brooks
                Florida Bar No. 434442